IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| THE SHARRON GROUP, INC., : | |
| : | Case No. 2:17-cv-01008 |
| **Plaintiff,** : | |
| : | JUDGE ALGENON L. MARBLEY |
| v. : | |
| : | Magistrate Judge |
| BAKER'S SEPTIC SERVICE : | Chelsey M. Vascura |
| & PORT-A JOHN RENTALS LLC, : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaim. (ECF No. 6). For the reasons set forth below, Plaintiff's Motion is **GRANTED.**

## I. BACKGROUND

Plaintiff, The Sharron Group, Inc., filed a Complaint on November 16, 2017, against Defendant, Baker's Septic Service and Port-a-John Rentals LLC, alleging breach of contract and violation of the Uniform Commercial Code. (ECF No. 1). The allegations arise out of a transaction in which Defendant was to purchase a truck and related equipment from Plaintiff, which was then doing business as Buckeye Western Star (Buckeye). (ECF. No 1 at 2). The truck and equipment were both designed specifically for the septic tank industry. *Id.* The Complaint alleges on or about August 22, 2017, Plaintiff attempted to deliver the truck to Defendant, but Defendant refused to accept it. *(Id.* at 3).

Defendant filed an answer and counterclaim on March 30, 2018. (ECF. No 3). Defendant alleges Plaintiff breached the agreement by failing to deliver the truck in June 2017 and by misrepresenting to Defendant that the truck would be manufactured in Ohio. *Id.*

1

Plaintiff filed a Motion to Dismiss Defendant's Counterclaim. (ECF No. 6). Plaintiff argues the agreement with Defendant did not require delivery by June 2017, and thus, there was no breach. (ECF. No 6 at 3). Additionally, Plaintiff argues that Defendant's Counterclaim fails to contain adequate factual allegations showing Plaintiff was required to manufacture the truck in Ohio. (*Id.*). Plaintiff now seeks to dismiss Defendant's Counterclaim. (*Id.*).

## II. STANDARD OF REVIEW

A counterclaim must contain a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) allows a court to dismiss a counterclaim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A counterclaim fails to state a claim upon which relief can be granted when, accepting all well-pleaded allegations as true, it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible when the court is able "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, the grounds for relief must entail more than "labels and conclusions." *Twombly,* 550 U.S. at 555. The Supreme Court has held a simple "formulaic recitation of the elements of a cause of action will not do." *Id.*

## III. ANALYSIS

The federal district courts have original jurisdiction in cases where the case or controversy is between citizens of different states and the amount in controversy exceeds $75,000. 28.U.S.C §1332(a)(1). The amount in controversy in the instant case is $103,590. (ECF No. 1 at 4). In addition, Plaintiff is a citizen of Ohio and Defendant is a citizen of Kentucky. (ECF No. 1 at 1).

In diversity cases, the substantive law of the forum state is applied. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 409 (6th Cir. 2008). The choice of law selection clause in the Commercial Retail Installment Sale Contract Master Agreement (Exhibit F) specifies that Ohio will be the governing law; therefore, "there is further reason to consider Ohio law controlling." *Power Mktg. Direct, Inc. v. Pagnozzi*, 2006 WL 2849815, at *2 (S.D. Ohio 2006).

Under Ohio law, in order to establish breach of contract, a defendant must prove (1) the existence of a valid contract (2) performance (3) breach (4) damages. *Pavlovich v. Nat'l City Bank*, 435 F.3d 560, 565 (6th Cir. 2006). A party alleging breach of contract is required to satisfy all four elements. *Schumacher v. State Auto. Mut. Ins. Co.,* 47 F. Supp. 3d 618, 626 (S.D. Ohio 2014).

The sole element in dispute is breach. Defendant claims Plaintiff committed a material breach in two ways. (ECF. No 3 at 10). First, Defendant alleges Plaintiff materially breached the contract by failing to deliver the truck by June 2017. (*Id.*). A party claiming breach of contract must show a term of the contract was actually breached. *Northhampton Rest. Grp., Inc v. FirstMerit Bank, N.A.*, 492 Fed. Appx. 518, 522 (6th Cir. 2012) (unpublished). Defendant does not plead any facts showing delivery of the truck by June 2017 was a part of the contract. Defendant alleges they informed representatives of Plaintiff they *needed* the truck by June 2017, but does not provide any evidence that delivery by June 2017 was ever an agreed upon term included in the contract between the two parties. If there is no evidence the alleged breach was on a term of the contract, "there obviously can be no proof of breach." *Id.*

Here, Defendant claims delivery of the truck was discussed with Plaintiff after Defendant placed the order. (ECF. No 3 at 9). However, the June 2017 date is not a term of the contract, and Defendant does not allege any facts to support the conclusion that the delivery date was discussed

3

as a term of the contract. In fact, a June 2017 delivery date is not contained in any of the documented agreements provided to the Court. Defendant's first claim of breach contract must be dismissed.

Defendant's second claim for breach of contract centers on Plaintiff's purported misrepresentation that the truck was manufactured in Ohio. Defendant's second claim fails for the same reasons as the first claim. A party "can only advance a claim of breach of written contract by identifying and presenting the actual terms of the contract allegedly breached." *Harris v American Postal Workers Union,* 198 F.3d 245 (6th Cir. 1999). Defendant claims one of Plaintiff's representatives "represented to Baker's Septic that the truck Baker's Septic wanted to purchase would be made in Ohio at its plant." (ECF. No 3 at 8). However, once again, Defendant does not allege the truck's being manufactured in Ohio was a term of the contract. Additionally, there is nothing contained in the exhibits attached to the complaint indicating that the contract specified the truck was to be manufactured in Ohio. Because there are no factual allegations that delivery of the truck by June 2017 was a term of the agreement, Defendant's second claim for breach of contract must be dismissed.

## IV. CONCLUSION

Based on the foregoing analysis, Plaintiff's Motion to Dismiss Defendant's Counterclaim is **GRANTED**.

**IT IS SO ORDERED.**

           **/s/ Algenon L. Marbley**

         **ALGENON L. MARBLY**
         **UNITED STATES DISTRICT JUDGE**

**DATED: January 14, 2019**